FILED

MAR 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL REYES,

        Plaintiff - Appellant,

  v.

CITY OF PICO-RIVERA; DONALD
GRAYSON,

        Defendants - Appellees.

No. 08-56873

D.C. No. 2:07-cv-03767-GAF-JWJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

    Daniel Reyes appeals the district court's grant of summary judgment to the

City of Pico-Rivera (the "City") and Donald Grayson in a stigma-plus procedural

due process claim Reyes brought under 42 U.S.C. § 1983.  We have jurisdiction

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under 28 U.S.C. § 1291, and, reviewing de novo, *see, e.g.*, *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994), we affirm.

Although "[t]he termination of a public employee which includes publication of stigmatizing charges triggers due process protections," Reyes was not entitled to a name-clearing hearing because "there [was] [no] public disclosure of the charge." *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998).[1]  Grayson's dissemination of an allegedly stigmatizing report to two City decision-makers did not, on its own, constitute publication, because there was no *public* disclosure.  *See Wenger v. Monroe*, 282 F.3d 1068, 1074 n.5 (9th Cir. 2002).  Similarly, the provision of the allegedly stigmatizing information to opposing counsel during discovery in a related lawsuit did not constitute publication, both because it lacked the "public" element contemplated by our stigma-plus cases, and because adopting such a rule would inhibit "forthright and truthful communication . . . between litigants." *Bishop v. Wood*, 426 U.S. 341, 348-49 (1976).[2]  Accordingly, because no reasonable trier of fact could find that

---

[1] We do not accept Reyes's suggestion at oral argument that California state law governing the privacy of medical records somehow diminishes the requirement of publication for a violation of § 1983 on a theory of stigma-plus discharge.

[2] We reject Reyes's attempt to distinguish *Bishop* on the basis of differences in the nature of the stigmatizing information at issue.

the allegedly stigmatizing report was publicly disclosed, the district court properly

granted summary judgment to the City and Grayson.[3]

**AFFIRMED.**

---

[3] We do not reach the district court's alternative holding that summary judgment was warranted on the ground that Reyes's § 1983 claim was time-barred.